# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENJAMIN E. CAMPBELL,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
AT-0752-15-0019-X-1

DATE: April 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher W. Waters</u>, Birmingham, Alabama, for the appellant.

<u>Eric B. Fryda</u>, Esquire, Dallas, Texas, for the agency.

<u>Margaret L. Baskette</u>, Esquire, Tampa, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

¶1  In a July 24, 2017 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final decision in the underlying appeal. *Campbell v. U.S. Postal Service*, MSPB Docket No. AT-0752-15-0019-C-1, Compliance File (CF), Tab 12, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2  In a September 9, 2016 Final Order, the Board mitigated the appellant's removal to a 30-day suspension and ordered the agency to provide him back pay with interest and benefits. *Campbell v. U.S. Postal Service*, MSPB Docket No. AT-0752-15-0019-I-1, Final Order (Sept. 9, 2016); Petition for Review File, Tab 8. On November 15, 2016, the appellant petitioned for enforcement of the Board's final order. CF, Tabs 1, 4, 6. In the compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final order to the extent it placed the appellant in leave without pay (LWOP) status during the interim relief period. CID at 7. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to pay him back pay with interest for time he was in LWOP status, from March 25 through September 9, 2016, and to provide him an explanation of its back pay and restored leave calculations. CID at 8.

¶3  On August 28, 2017, the agency informed the Board that it had taken the actions identified in the compliance initial decision.[3] *Campbell v. U.S. Postal*

---

[3] In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 9-10; 5 C.F.R. § 1201.183(a)(6)(i). She also informed the parties that, to request review of the compliance initial decision by the full Board, they must file a petition for review no later than August 28, 2017, the date on which the compliance initial decision would become final unless a petition for review was filed. *Id.*; *see* 5 C.F.R.

*Service*, MSPB Docket No. AT-0752-15-0019-X-1, Compliance Referral File (CRF), Tab 1. After reviewing the parties' compliance submissions and their responses to three orders seeking additional information, the Board issued a May 16, 2022 non-final Order finding the agency in compliance with its obligation to provide the appellant an accounting of the back pay owed to him and adopting the agency's back pay calculations. CRF, Tab 13, Order, ¶ 11. However, the Board found that the appellant's failure to complete, sign, and return to the agency Postal Service Form 3083 precluded the agency from processing his back pay award. *Id.*, ¶ 12. Although the Board may deny a petition for enforcement when, as here, an appellant fails to cooperate with an agency's effort to achieve compliance, the Board instead granted the agency's request to order a lump sum back pay award, which would allow it to process the back pay award without any further action on the appellant's part. *Id.* Accordingly, the Board ordered the agency to pay the appellant a lump sum back pay award of $6,637.53 to compensate him for the 230.63 hours for which he was improperly placed on LWOP, plus interest through August 24, 2017. *Id.*, ¶¶ 12-13. The Board ordered the agency to provide evidence that it had completed this action and informed the appellant of his right to respond to the agency's submission, cautioning him that the Board may assume he was satisfied and dismiss his petition for enforcement if he did not respond. *Id.*, ¶¶ 13-14.

¶4      On June 23, 2022, the agency submitted evidence reflecting that it had completed the paperwork for payment of the lump sum back pay award and had requested issuance of a check to the appellant in the amount of $6,637.53 plus interest for the period from January 14, 2014, through August 24, 2017. CRF, Tab 15. On August 2, 2022, the agency submitted additional evidence reflecting that it had received and forwarded to the appellant a check for $4,337.62, which

---

§§ 1201.114(e), 1201.183(a)(6)(ii). Neither party filed a petition for review of the compliance initial decision.

represented the lump sum back pay award of $6,637.53 minus deductions of $2,200.91 for Social Security, Medicare, and state and Federal taxes, and a check for interest in the amount of $871.95. CRF, Tab 16 at 4-10. The agency's submission also reflected that the checks were delivered to the appellant on August 2, 2022. *Id.* The appellant did not respond to either of the agency's submissions.

## ANALYSIS

¶5    When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[4] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

¶6    As noted above, the only outstanding compliance issue in this appeal is the agency's obligation to pay the appellant a lump sum back pay award in the amount of $6,637.53 plus interest. The agency's evidence reflects that it has now done so, CRF, Tabs 15-16, and the appellant has not responded to or challenged this evidence. Accordingly, we assume that the appellant is satisfied. *See*

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶7        In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , [137 S. Ct. 1975](2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

[http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx].

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. [5 U.S.C. § 7702](b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.